# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1809V
UNPUBLISHED

| | |
|---|---|
| MICHELLE CELENTANO,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: April 29, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On November 26, 2019, Michelle Celentano filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on September 28, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 28, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner has satisfied the criteria set forth in the revised Vaccine Injury Table and the Qualifications and Aids to Interpretation, which

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

afford petitioners a presumption of causation if there is no prior history of pain, inflammation, or dysfunction in the affected shoulder prior to vaccination that would explain the symptoms occurring after vaccination; the onset of shoulder pain occurs within forty-eight hours after the receipt of an intramuscular seasonal flu vaccination; pain and reduced range of motion are limited to the shoulder in which the vaccine was given; and there is no apparent alternative cause. *Id.* at 3-4. Respondent further agrees that "the medical records demonstrate that petitioner has experienced the residual effects of his SIRVA for more than six months [and] [t]herefore, based on the case record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id*. at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master